IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00140-LTB-MEH

ADAM BURKE,

       Plaintiff,

v.

GARFIELD COUNTY SHERIFF'S DEPARTMENT; and
LOU VALLARIO, Sheriff of Garfield County Sheriff's Department, in his official capacity; and
SCOTT DAWSON, a Commander in the Garfield County Sheriff's Department, in his official capacity,

       Defendants.

_____

ORDER
_____

This matter is before me on a Motion for Summary Judgment [**Doc #46**] filed by Defendants, Garfield County Sheriff's Department and its Sheriff, Lou Vallario, in his official capacity and its Jail Commander, Scott Dawson, in his official capacity, seeking judgment against Plaintiff, Adam Burke. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' briefs, exhibits and arguments, I GRANT the motion for the following reasons.

**I. BACKGROUND**

In this lawsuit Plaintiff asserts that Defendants infringed against his civil rights, in violation of the Eighth and Fourteenth Amendment and Article II of the Colorado Constitution, and seeks relief pursuant to 42 U.S.C. § 1983 related to two incidents of restraint that occurred while he was incarcerated in the Garfield County Jail. Plaintiff asserts claims for relief for:

deprivation of substantive due process; failure to train and supervise; threats and use of excessive and disproportionate force; and violations of freedom from bodily restraint.

## II.  FACTS

Plaintiff was incarcerated at the Garfield County Jail for an eight month period, as a pretrial detainee, from September of 2005 until May of 2006.  During that time Defendant Vallario was the Sheriff of Garfield County, and Defendant Dawson was the Jail Commander of the Garfield County Jail.  In July of 2006, Plaintiff was transferred from the Garfield County Jail to the Department of Corrections, and was incarcerated at Mesa County Jail at the time his complaint in this matter was filed on January 22, 2008.  It is during his incarceration at the Garfield County Jail that the two incidents occurred that form the basis of this lawsuit.  Although hotly contested, the facts are set forth here as alleged by Plaintiff.

**January 2006 Pepperball Incident**

On January 24, 2006, Plaintiff was yelling and hitting and kicking his cell door.  Deputy William Lang ordered Plaintiff to stop, but he did not immediately comply.  Plaintiff maintains that no other officers spoke with him in an effort to de-escalate the situation.

After consultation, the supervisor on duty, Corporal Terry Myers, determined that the appropriate course of action was to extract Plaintiff from his cell and place him into a restraint chair using the CERT team. As a result, Deputy Lang, Deputy Matt Anderson, and Deputy Kim Neffendorf came to Plaintiff's cell in CERT gear with a pepperball launcher.  The officers have testified that they were attempting to stop Plaintiff from kicking his cell door because he might hurt himself.

Plaintiff asserts, however, that at the time the officers arrived, he was no longer kicking

his cell door. When the deputies opened his food chute, Plaintiff attempted to block the use of the pepperball launcher by placing his shower sandal over the opening. After Deputy Lang removed the sandal from the opening, Deputy Anderson shot Plaintiff with pepperballs multiple times in the left upper thigh. Plaintiff claims that he was shot in the groin, injuring his left testicle.

After shooting several other pepperballs into the cell, in an effort to saturate it with pepperball dust, Deputy Anderson also shot Plaintiff in the right foot and right hand. The officers were then able to put Plaintiff into a restraint chair. Plaintiff asserts that the officers did not decontaminate him, or his cell, before they placed him back into the cell while still confined to the chair. He also asserts that the officers ignored his requests for medical attention for the pepperball shots to his groin and the dust covering his face and body. When Plaintiff was ultimately seen by a nurse, he contends that she refused to examine his testicular injury.

**March 2006 Restraint Chair Incident**

Plaintiff alleges that on March 4, 2006, he was improperly confined to a restraint chair as punishment for a confrontation he had with Deputy Lang. He asserts that while he was put into the restraint chair, which Defendants alleged was done because Plaintiff made a suicide threat, the officers used excessive force on his right arm, resulting in injury to his right shoulder.

### III.  SUMMARY JUDGMENT

The purpose of a summary judgment motion under Fed. R. Civ. P. 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary judgment is appropriate if the record reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

When applying this standard, I examine the factual record in the light most favorable to the party opposing summary judgment, extending to that party all reasonable factual inferences. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the movant carries its burden of showing the absence of a genuine issue of material fact, the non-movant must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992). An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996).

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

I first address Defendants' assertion that Plaintiff's claims must be dismissed because he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), and which is applicable here because Plaintiff was incarcerated at the time of the filing of his complaint. 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). To comply with this requirement, a prisoner must fully complete the prison's administrative process. *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant. *Roberts v. Barreras,* 484 F.3d 1236, 1241 (10th. Cir. 2007).

Defendants assert that Plaintiff failed to file legally sufficient grievances with Garfield County Jail related to the two incidents complained of here. As such, they maintain that he has failed to exhaust his available administrative remedies and his case must be dismissed. I agree.

With regard to the January 2006 pepperball incident, Plaintiff testified at his deposition that he did not specifically recall filing a grievance with the Garfield County Jail related to the that incident, but indicated that "might have" done so. He now relies upon a form, also known as a "kite," he submitted on June 28, 2006, approximately five months after the January 2006 pepperball incident. The form is titled "Inmate Request/Grievance Form" and provides a section to "Explain REQUEST/GRIEVANCE:" In the space provided, Plaintiff wrote as follows:

> I want to grieve the Jail's use of tasers and pepper spray and pepperballs. Officers use or threaten to use these weapons in situations where such drastic force is not called for and without adequate medical screening or supervision. I have been [threatened] with unjust use of one of more of these devices and this could happen again.

Following that – in the "Action Requested by Inmate" portion of the form – Plaintiff wrote in "Please respond to the statement above."

I agree with Defendants that this kite is insufficient to provide the Garfield County Jail officials notice of the complaint now raised here. Although it clearly is a grievance, the kite Plaintiff relies upon pertains to the general use of restraint tools on the prison population. It is not specific in any way as to the January 2006 pepperball incident — it does not reference the incident by date or details, nor does it indicate that Plaintiff himself was involved or injured in any specific incident. *See Kikumura v. Osagie*, 461 F.3d 1269, 1285 (10th Cir. 2006) *overruled on other grds. Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008)(holding that a prisoner's grievance satisfies the exhaustion requirement of 42 U.S.C. § 1997e(a) "so long as it provides

prison officials with enough information to investigate and address the inmate's complaint internally"). I further note that the form indicates that "[i]f this form is to be used for filing a grievance, it must be submitted within 72 hours of the incident."

With regard to the March 2006 restraint chair incident, Plaintiff relies upon a kite he filed four months later on July 7, 2006. On this form Plaintiff provides the following under the section entitled "Explain REQUEST/GRIEVANCE:"

> I Adam J. Burke #19466 want to review the video tapes of the beating of myself by Miller and Lang this happened 3-6-6 apx between 9:00 p.m. and 12:00 a.m. I also want this tape saved for my and my attorney's viewing. Also please include the 2 ½ to 3 hours I sat in the restraint chair with a shoulder that was out of place and received no medical attention.

In the portion of the form entitled "ACTION REQUESTED BY INMATE:" Plaintiff sought the following: "Please let me review this tape in its [e]ntirety And Also Save It."

Although Plaintiff circled the "GRIEVANCE" portion of the form, Plaintiff does not request an investigation or seek any redress for the harm or injury alleged. Rather, the relief requested is for the preservation of the videotape of the incident. As a result, the kite relied upon by Plaintiff is not sufficient to raise a complaint about the use of a restraint chair incident on March 2006. *See Kikumura v. Osagie, supra.*

As such, even viewing the evidence in the light most favorable to Plaintiff, I conclude that Defendants have met their Fed. R. Civ. P. 56 burden of showing Plaintiff failed to exhaust his administrative remedies in that he did not file legally sufficient grievances for the two incidents that form the basis for his complaint here and, thus, the PLRA compels that Plaintiff's claims must be dismissed. *See Jones v. Bock, supra*, 549 U.S. at 221 (ruling that any claims not exhausted must be dismissed).

ACCORDINGLY, I GRANT the Motion for Summary Judgment [**Doc #46**] filed by Defendants, Garfield County Sheriff's Department and its Sheriff, Lou Vallario, in his official capacity and a Commander, Scott Dawson, in his official capacity. As a result, I DISMISS the claims filed against them by Plaintiff, Adam Burke.


Dated: July  13 , 2009, in Denver, Colorado.

                                            BY THE COURT:

                                              s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE