IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 08-cv-00140-LTB-MEH

ADAM BURKE,

    Plaintiff,

v.

GARFIELD COUNTY SHERIFF'S DEPARTMENT; and
LOU VALLARIO, Sheriff of Garfield County Sheriff's Department, in his official capacity; and
SCOTT DAWSON, a Commander in the Garfield County Sheriff's Department, in his official capacity,

    Defendants.
_____

ORDER
_____

This matter is before me on an Objection to Taxation of Costs [**Doc #70**] filed by Defendants, Garfield County Sheriff's Department and its Sheriff, Lou Vallario, in his official capacity and its Jail Commander, Scott Dawson, in his official capacity. Defendants object to the Bill of Costs [**Doc # 68**] in which the Clerk of the Court denied their request for costs to be assessed against Plaintiff, Adam Burke. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' pleadings and arguments, I GRANT the objection for the following reasons.

## I. BACKGROUND

In this lawsuit, Plaintiff asserted that Defendants infringed against his civil rights, in violation of the Eighth and Fourteenth Amendment and Article II of the Colorado Constitution, and sought relief pursuant to 42 U.S.C. § 1983 based on two incidents of restraint that occurred while he was incarcerated in the Garfield County Jail. I dismissed Plaintiff's claims and

awarded summary judgment in favor of Defendants on the basis that Plaintiff failed to meet his burden to prove that he exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

Thereafter, Defendants sought their costs. The Clerk of the Court held a hearing and declined to award Defendants their expenses on the basis that costs were not awarded in the final order or judgment. Alternatively, the Clerk determined that if costs were subsequently approved by the Court, the Clerk would award Defendants $985.65. This amount represents Defendants' transcript fees incurred for Plaintiff's deposition ($674.65) and for the deposition of Jail Deputy Matt Anderson ($311.00). However, such award does not include transcription fees for the deposition of Plaintiff's expert, Jeffrey Schwartz, in the amount of $2,125.59. In this motion, Defendants request that the denial of costs be reversed and that they be awarded $3,111.24, which represents the costs of all three deposition transcripts. Plaintiff opposes this request.

## II.  LAW

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." There is a presumption in favor of the award of costs. *Furr v. AT & T Technologies, Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002). 28 U.S.C. § 1920 provides, in relevant part, that "[a] judge or clerk of court of the United States may tax as costs the following ... (2) [f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." I have broad discretion in awarding costs under Fed. R. Civ. P. 54(d)(1), and my decision is reviewed only for

an abuse of that discretion.  *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998).

### III.  ANALYSIS

Defendants first assert that the presumption is that as the prevailing party, they are entitled costs, other than their attorney fees, and that the failure to award costs is a "severe penalty" that is not warranted here.  *See Klein v. Grynberg* 44 F.3d 1497, 1507 (10th Cir. 1995) (denying costs "would be in the nature of a severe penalty imposed upon them, and there must be some apparent reason to penalize the prevailing party if costs are to be denied").

In response, Plaintiff asserts that although costs are usually awarded to the prevailing party, a Court may deny costs if there is a valid reason; specifically, in this case, for the bad faith actions of that party.  *See generally AeroTech, Inc. v. Estes*, 110 F.3d 1523, 1527 (10th Cir. 1997).  Plaintiff argues that Defendants waited at least six months to seek summary judgment on procedural grounds for Plaintiff's failure to exhaust administrative remedies.  Such delay "required all parties to incur substantial expenses, including expert witness fees and deposition costs."  Thus, Plaintiff maintains that Defendants acted in bad faith in "an effort to make this case as difficult as possible" and their actions served to set "an example to other inmates who might choose to pursue similar actions."

I disagree.  This is not a case in which a plaintiff filed a frivolous case or pursued it in bad faith.  Rather, Defendants here chose to defend this case against them by filing a motion for summary judgment premised on numerous grounds, including Plaintiff's failure to exhaust his administrative remedies.  Although Plaintiff asserts that Defendants could have filed an initial dispositive motion based on the exhaustion defense, and then "filed a second motion following

additional discovery to argues their second claims with regard to liability" if Plaintiff prevailed, a failure to pursue such a litigation strategy does not constitute bad faith.  I conclude that Defendants' "delay" in filing their summary judgment motion does not constitute bad faith or a valid reason sufficient to overcome the presumption that they are entitled to their costs under Fed. R. Civ. P. 54(d)(1).

Alternatively, Plaintiff maintains that if I determine that Defendants are entitled to their costs, they should not be allowed to recover the $2,125.59 they seek for transcription costs incurred to take the deposition of Jeffery Schwartz, Plaintiff's designated expert.  Plaintiff argues that the cost of Schwartz's deposition was not "necessarily obtained for use in this case" in that it was "incurred merely for the convenience of counsel and for discovery purposes" and further that it "was not utilized in any argument presented in Defendants' Motion for Summary Judgment."  *See* 28 U.S.C. § 1920(2)(including as awardable costs "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case").

Defendants argue, however, that Schwartz's deposition was necessarily obtained for use in the case because it was needed to determine the full basis for Plaintiff's entity liability claims and to evaluate the appropriateness of moving for summary judgment on those claims.  They maintain that as Plaintiff's designated expert, Schwartz's deposition testimony was necessarily obtained for use in the case in order to fully analyze the evidence while taking into consideration the likihood of success of a summary judgment motion.

The Tenth Circuit has recently reviewed the "necessarily obtained for use in the case" standard in *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).  In reviewing the law, the Tenth Circuit determined that in order to be a recoverable

expense, a prevailing party's transcription costs must be "reasonably necessary to the litigation of the case." *Id.* (*quoting Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)). Materials produced "solely for discovery," however, do not meet this threshold. *Williams Securities Litigation, supra,* 558 F.3d at 1147 (*quoting Furr v. AT & T , supra,* 824 F.2d at 1550).

Therefore, deposition costs may be taxable even if they are not "strictly essential" to the district court's "resolution of the case," because the "realities of litigation occasionally dispense with the need of much of the discovery already taken by the parties when, for instance, a dispositive motion is granted by the trial court." *Williams Securities Litigation, supra,* 558 F.3d at 1147 (*quoting Callicrate v. Farmland, supra,* 139 F.3d at 1340). In recognizing that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation," including the "possibility of trial," the Tenth Circuit cases establish that if deposition transcripts or copies were "offered into evidence," were "not frivolous," and were "within the bounds of vigorous advocacy," costs may be taxed. *Id.* (citations omitted).

The Tenth Circuit further noted that it does not "employ the benefit of hindsight" in determining whether costs are reasonably necessary to the litigation of the case; instead courts look "solely 'on the particular facts and circumstances at the time the expense was incurred.'" *Id.* (*quoting Callicrate v. Farmland, supra,* 139 F.3d at 1340)). Thus, if the services are reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter, the district court could find necessity and award the recovery of costs. *Id.* (ruling that courts will not "penalize a party who happens to prevail on a dispositive motion by not awarding costs

associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case").

Here, as in *Williams Securities Litigation, supra,* the deposition of Jeffery Schwartz, as Plaintiff's designated expert, was not ultimately essential to the disposition of the action. However, it was reasonably necessary for proper preparation of the case at the time the deposition was taken. *Id.* at 1148. Because I conclude that Schwartz's deposition was reasonably and necessarily obtained in anticipation of trial, I agree with Defendants that its cost was "necessarily obtained for use in this case" pursuant to 28 U.S.C. § 1920(2), even though the case was resolved on a dispositive motion and the deposition testimony was never put to use. *Id.* at 1149 (rejecting "any rule that permits costs only for depositions ... used by the court in ruling upon a motion for summary judgment"). As such, Defendants are also entitled $2,125.59 for transcription costs incurred to take the deposition of Jeffery Schwartz.

ACCORDINGLY, Defendants' Objection to Taxation of Costs [**Doc #70**] is GRANTED and, as such, the Bill of Costs [**Doc # 68**] is AMENDED to award Defendants $3,111.24 in deposition transcript costs pursuant to 28 U.S.C. § 1920(2).

Dated: September   24  , 2009, in Denver, Colorado.

               BY THE COURT:

                 s/Lewis T. Babcock
               LEWIS T. BABCOCK, JUDGE